UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA KATUMBUSI,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:19-cv-128-KJM-EFB PS<br><br><br><br>ORDER |

Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2), as well as a motion for recusal (ECF No. 4). For the reasons explained below, plaintiff's motion for recusal is denied, her application to proceed *in forma pauperis* is granted, and her complaint is dismissed with leave to amend.[1]

I. Motion for Recusal

Plaintiff has moved for recusal of the assigned district judge and magistrate judge. ECF No. 4. The applicable recusal statute, 28 U.S.C. § 455, provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify himself or herself when the judge has "a personal bias or prejudice concerning a party . . . ." *Id*.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

1

§ 455(b)(1). The standard for determining whether impartiality might be reasonably questioned is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." *United States v. Holland*, 519 F.2d 909, 913 (9th Cir. 2008).

Plaintiff has not demonstrated any such basis for recusal here. She contends, without explanation, that "it appears there may be a conflict of interest." ECF No. 4. That conclusory statement is insufficient to demonstrate a basis for recusal. Accordingly, the request to recuse as to the undersigned is denied.[2]

II. <u>Request to Proceed In Forma Pauperis and Screening Requirement</u>

Plaintiff's application to proceed *in forma pauperis* makes the financial showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, her request to proceed *in forma pauperis* is granted.

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable

/////

---

[2] On February 6, 2019, the assigned district judge issued an order denying plaintiff's motion to recuse her. ECF No. 5.

2

legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff's complaint primarily concerns a 2004-2005 child custody dispute that resulted in the removal of her children from her custody. Plaintiff brings this action against the County of Sacramento (the "County"); the County's Department of Child Support Services and several of its employees; the County's Countywide Services Agency; the Sacramento County District Attorney's Office and several of its employees; the Sacramento County Sheriff's Department; Sacramento County Deputy Sherriff David English, California Superior Court Commissioner Scott Harman; Tim Ainsworth, the Interim Court Executive Officer for the California Superior Court for the County of Sacramento; Pro Tem Judge Olubunmi Olaide Awoniyi; Alisha Griffen, the director of the California Department of Child Support Services; and Roxanne Mosley, plaintiff's counsel during the custody proceedings. Plaintiff purports to assert claims pursuant to 42 U.S.C. §§ 1983 and 1985 for violation of her rights under the First, Fourth, and Fourteenth Amendments; violations of 18 U.S.C. §§ 241, 242, and 1341, as well as several state law claims. *Id*. at 5-6.

The complaint alleges that in 2005, Commissioner Matthew Gary presided over a child custody hearing. *Id*. ¶ 68. Commissioner Gary, acting in concert with the other named defendants, allegedly demanded plaintiff "relinquish the children to the ex-spouse with agency supervised visitations, suspended child support to the Plaintiff, and . . . submitted documents to the children's school district to relinquish their information." *Id*. ¶¶ 70, 72. Plaintiff contends

3

that the defendants acted in a joint effort to remove the children from her custody and place them with her ex-husband so that her ex-husband would not have to make child support payments. *Id*. ¶ 186.

In addition to the 2004-2005 custody proceedings, plaintiff also appears to allege claims stemming from a 2007 case. In that regard, plaintiff alleges that defendant Ronald Ladage, an attorney for the Department of Child Support Services, "intentionally pursued an alleged unlawful action in 2007 without probable cause, summons, complaint, and or agreement to an action allegedly filed with the agency." *Id*. ¶ 18. Mr. Ladage also allegedly conspired with the other defendants to report that plaintiff owed a debt to the Sacramento County District Attorney's Office. *Id*.

Plaintiff has previously attempted to challenge the 2005 removal of her children. *See Katumbusi v. Gary*, 2:14-cv-1534 JAM AC PS (E.D. Cal. 2014). As the court explained to plaintiff in that action, her § 1983 claims based on that dispute are untimely. *See id*., ECF No. 6. "In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, [courts] look to the statute of limitations for personal injury actions in the forum state." *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (citation omitted). The limitations period for such actions in California is two years. *Id*. (citing Cal. Civ. Proc. Code § 335.1). Federal law determines when a cause of action accrues and the statute of limitations begins to run under § 1983. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (citations omitted). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Clark*, 796 F.3d at 1025 (citations omitted). "Thus, [a]n action ordinarily accrues on the date of the injury." *Id*. (alteration in original). The fact that a plaintiff may continue to be impacted by a past violation does not, by itself, does not allow a plaintiff to bring an otherwise untimely action. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).

Here, plaintiff's allegations reflect that plaintiff had knowledge of the alleged conduct when the state court ordered her children removed from her custody in 2005. Accordingly, plaintiff's § 1983 claims based on those allegations are untimely. Consequently, her § 1985

4

conspiracy claims based on that dispute must also be dismissed. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir.1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), cert. denied, 493 U.S. 817 (1989). Likewise, plaintiff's § 1983 and § 1985 claims predicated on the 2007 action, which occurred approximately 12 years before plaintiff commenced the instant case, are also untimely.

Plaintiff also cannot state a claim for violations of 18 U.S.C. §§ 241, 242, or 1341, which are criminal statutes that do not create a private right of action. *See, e.g., Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir.2006) (affirming the dismissal claims under 18 U.S.C. §§ 241 and 242 because they "are criminal statutes that do not give rise to civil liability") *Wilcox v. First Interstate Bank of Or., N.A.*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) (observing that there is no private right of action under 18 U.S.C. § 1341").

The complaint also contains vague allegations concerning conduct that appears to be unrelated to the 2004-2005 and 2007 state court cases. Plaintiff alleges that in 2015 she sent a letter to the County Board of Supervisors. *Id.* ¶ 62. She claims that in retaliation for some unspecified conduct, defendant Ainsworth, the Interim Court Executive Officer for the Sacramento County Superior Court, shared this letter with the Department of Child Support Services, and that this disclosure resulted in the suspension of plaintiff's driver's license "without incident in violation of her due process. *Id.* ¶ 63. She also alleges that defendant Ron Ladage, an attorney for the County's Department of Child Support Services, violated her "due process rights by suspending her driver's license without the opportunity to be heard." *Id.* ¶ 120. Additionally, she alleges that several of the individual defendants reported to credit reporting agencies that she owed a debt to the Sacramento County District Attorney's Office (*id.* ¶¶ 107, 114, 198), while other defendants allegedly interfered with her ability to obtain an administrative hearing, *id.* ¶¶ 129, 146, 151.

Any claims predicated on these allegations, which appear to be based on separate and distinct events, are improperly joined. *See* Fed. R. Civ. P. 20(a)(2) (allowing a plaintiff to join multiple defendants in one action where "any right to relief is asserted against them jointly,

5

severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."). More significantly, these allegations are too vague and conclusory to give each defendant fair notice of the specific claim plaintiff is attempting to allege and that factual basis for the claims. *See Jones v. Community Redev. Agency*, 733 F.2d 646 (9th Cir. 946 (9th Cir. 1984) (a complaint must give defendants' "fair notice and state the elements of the claim plainly and succinctly."); *Twombly*, 550 U.S. at 555.

Lastly, plaintiff alleges state law claims, which she styles as "breach of duty and false imprisonment" and "negligence per se." ECF No. 1 at 5, 32. But plaintiff has yet to assert a properly pleaded federal cause of action that would permit supplemental jurisdiction over her state law claims. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). Furthermore, the complaint demonstrate that diversity jurisdiction is absent because plaintiff and several of the defendants are citizens of California. ECF No. 1 at 8-11; *see* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.).

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint. Any such amended complaint must allege a cognizable legal theory against proper defendant and sufficient facts in support of that cognizable legal theory. Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and

130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's motion for recusal of the undersigned (ECF No. 4) is denied.

3. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: February 6, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE